1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REGINALD M. BRYANT,

11          Plaintiff,              No. CIV S-07-0462 LKK DAD P

12      vs.

13   JAMES TILTON,                  ORDER AND

14          Defendant.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Before the court is defendant's June 25, 2007 motion to

18   dismiss the case on the ground that plaintiff's complaint fails to state a cognizable claim.

19   Plaintiff has filed a timely opposition.  Defendant has not filed a reply.

20                              **BACKGROUND**

21          On March 9, 2007, plaintiff commenced this action by filing a complaint,

22   challenging the constitutionality of the Family (Overnight) Visiting program as adopted by the

23   California Department of Corrections and Rehabilitation (CDCR).  (Compl. at 3.)  He alleges

24   that he has been incarcerated since 1979 and is serving two concurrent life terms of

25   imprisonment for murder.  (Id.)  Plaintiff also alleges that he wed in 1993 and was allowed to

26   participate in the family visiting program at that time.  (Id.)  Plaintiff alleges that sometime in

1

1   1997, the CDCR amended the family visiting program to exclude inmates with certain

2   classifications, inmates who had been convicted of certain offenses and inmates, such as himself,

3   who do not have parole dates established by the Board of Prison Terms ("Board"). (Id.)

4          Plaintiff contends that his exclusion from the family visiting program violates his

5   due process and equal protection rights under the United States and California Constitutions.

6   (Compl. at 5-6.)  Plaintiff further contends that his exclusion from the program violates his rights

7   under the First Amendment Free Exercise Clause and the Religious Land Use and

8   Institutionalized Persons Act ("RLUIPA") because, as a Muslim, he must consummate his

9   marriage within four months pursuant to Islamic law, or his wife may file for annulment or

10  divorce. (Id. at 8.)  Plaintiff seeks declaratory relief, injunctive relief, and compensatory and

11  punitive damages. (Compl. at 6 & 9-10.)

12                          **DEFENDANT'S MOTION TO DISMISS**

13  I. Defendant's Motion

14         Defendant argues that plaintiff's complaint fails to state a cognizable claim under

15  the Fourteenth Amendment, First Amendment and RLUIPA.  Defendant further argues that,

16  since plaintiff fails to state a federal claim, the court should dismiss his pendent state law claims.

17  (Def's. Mot. to Dismiss at 3-4.)

18         First, defendant argues that plaintiff fails to state a due process claim.  (Def's.

19  Mot. to Dismiss at 5.)  Defendant contends that, so long as the conditions or degree of

20  confinement to which a prisoner is subjected is within the sentence imposed upon him and is not

21  otherwise in violation of the Constitution, the Due Process Clause does not in itself subject an

22  inmate's treatment by prison authorities to judicial oversight.  (Id. at 6.)  Defendant maintains

23  that the denial of prison access to a particular visitor is well within the terms of confinement

24  ordinarily contemplated by a prison sentence, and therefore, is not independently protected by the

25  Due Process Clause.  (Id.)  Accordingly, defendant concludes that plaintiff fails to state a

26  cognizable due process claim.

2

1     Second, defendant argues that plaintiff fails to state an equal protection claim.

2  (Def's. Mot. to Dismiss at 7.)  Defendant contends that the Equal Protection Clause requires that

3  all persons similarly situated be treated alike.  (Id.)  Plaintiff alleges that he is within a narrow

4  class of prisoners serving life sentences for whom the Board can never establish a parole release

5  date.  (Id.)  Defendant argues, however, that plaintiff has failed to allege that he is treated

6  differently from other similarly situated prisoners since everyone within this narrow class of

7  prisoners is treated the same with respect to the family visiting program.  (Id.)  Defendant also

8  argues that where a state policy or program does not adversely affect a suspect class or impinge

9  upon a fundamental right, it need only be rationally related to a legitimate state objective.  (Def's.

10  Mot. to Dismiss at 8.)  Defendant contends that the "narrow class of prisoners" excluded from

11  the family visiting program is not a suspect class and the regulation in question does not

12  implicate a fundamental right.  (Id.)  Citing the decision in Block v. Rutherford, 468 U.S. 576

13  (1984), defendant maintains that even a blanket prohibition on contact visits in prison has been

14  upheld as reasonable and rationally related to the security concerns of the facility.  (Id.)

15  Defendant contends that the regulation here is similarly reasonable and rationally related to the

16  legitimate security concerns of the prison.  (Id. at 9.)  Accordingly, defendant concludes that

17  plaintiff fails to state a cognizable equal protection claim.

18     Third, defendant argues that plaintiff fails to state a claim under the First

19  Amendment or RLUIPA.  (Def's. Mot. to Dismiss at 9.)  Defendant acknowledges that RLUIPA

20  provides prisoners with greater protection than the First Amendment Free Exercise Clause but

21  contends that nonetheless both claims fail.  (Id. at 10.)  Defendant argues that plaintiff alleges

22  nowhere in his complaint that the family visiting program prevented him from consummating his

23  marriage within four months.  (Id.)  In fact, defendant notes that plaintiff's complaint alleges the

24  opposite in that plaintiff alleges that he wed in 1993 and was allowed to participate in the family

25  visiting program at that time.  (Id.)  Defendant also notes that plaintiff alleges that he participated

26  in the program until 1997 with the opportunity to consummate his marriage within the four

3

1   month period.  Defendant argues that any failure by plaintiff to do so was obviously not a result

2   of the family visiting program.  (Id.)  Defendant concludes that, because the family visiting

3   program did not place a burden on plaintiff's ability to consummate his marriage, he has failed to

4   state a cognizable claim under RLUIPA and has no basis for a claim under the First

5   Amendment.[1]

6          Finally, defendant contends that, giving due weight to such factors as fairness and

7   comity, the court should dismiss the state law causes of action if it dismisses plaintiff's federal

8   law claims.  (Id. at 12.)  In the alternative, defendant argues that plaintiff fails to state an equal

9   protection claim under the California Constitution.  (Def's. Mot. to Dismiss at 12.)  Relying on

10  the decision in Pro-Family Advocates v. Gomez, 46 Cal. App. 4th 1674 (1996), defendant

11  contends that California courts have already considered and rejected plaintiff's argument that

12  restrictions on family visiting violate the equal protection rights of prisoners under the state

13  constitution.  (Id. at 12-13.)  In fact, according to defendant, the California Supreme Court has

14  stated that prison officials may ban family visits altogether.  (Id. at 13.)  Accordingly, defendant

15  concludes that plaintiff fails to state an equal protection claim under the California Constitution.

16  II.  Plaintiff's Opposition

17         In opposition, plaintiff argues that it is impossible for him to get an "established

18  release date" and as such, the family visiting regulation in question violates his rights under the

19  Fourteenth Amendment.  (Pl.'s Opp'n to Def's Mot. to Dismiss at 3-4.)  In addition, plaintiff

20  argues that the regulation discriminates against him.  (Id. at 5.)  Plaintiff contends that the Board

21  has no authority to establish a parole date for him and others serving life sentences and as a

22

23         [1] Defendant also notes that plaintiff alleges only that the failure to consummate his
    marriage within four months *may* have resulted in his wife filing for annulment or divorce.
    (Def's. Mot. to Dismiss at 10.)  However, defendant argues that plaintiff has not alleged that his
24  wife, in fact,  has filed for either annulment or divorce.  (Id.)  Accordingly, even if accepted as
    true, the allegations of plaintiff's complaint fail to establish that he has suffered any damages.
25  (Id.)  Moreover, defendant contends that any potential damages claim under these circumstances
    is illusory since his wife is able to file for annulment or divorce under state law at any time,
26  irrespective of whether or not the marriage has been consummated.  (Id. at 11.)

1   result, they are barred from participating in the family visiting program.  Plaintiff argues that the

2   Equal Protection Clause prohibits the state from treating one group worse than another and that is

3   what is occurring under the challenged regulation.  (Id.)  Finally, plaintiff argues that RLUIPA

4   protects prisoners from government infringement on their religious practices.  (Id. at 6.)  Plaintiff

5   contends that the regulation in question burdens inmates' rights to consummate their marriage

6   and places a burden on their family ties and marital rights.

7   III.  Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

8          A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9   Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720

10  F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based

11  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

12  cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

13  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to

14  survive dismissal for failure to state a claim a complaint must contain more than "a formulaic

15  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

16  raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, ___ U.S.

17  ___, ___, 127 S. Ct. 1955, 1965 (2007).

18         In determining whether a pleading states a claim, the court accepts as true all

19  material allegations in the complaint and construes those allegations, as well as the reasonable

20  inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v.

21  King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

22  738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a

23  motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen,

24  395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations,

25  unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643

26  F.2d 618, 624 (9th Cir. 1981).

1    In general, pro se pleadings are held to a less stringent standard than those drafted

2    by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

3    such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

4    However, the court's liberal interpretation of a pro se complaint may not supply essential

5    elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

6    266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

7                                                   **ANALYSIS**

8    Under the California Code of Regulations, certain inmates are allowed to

9    participate in the family visiting program.  Family visits are extended overnight visits provided to

10   eligible inmates and their immediate family members.  Cal. Code of Regs. tit. 15 §§ 3000 &

11   3177.  Inmates, including plaintiff, who are "sentenced to life without a parole date established"

12   are not permitted to participate in the family visiting program.  Id. § 3177(b)(2).  Below, the

13   court will address defendant's arguments regarding each of plaintiff's constitutional claims.

14   I. Fourteenth Amendment Due Process

15   The court finds that plaintiff has failed to state a cognizable claim under the Due

16   Process Clause of the Fourteenth Amendment.  Although prisoners retain those constitutional

17   rights that are not inconsistent with their status or with the legitimate penological objectives of

18   the correctional system, they do not have a right to contact or family visits under the Due Process

19   Clause.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989) (holding

20   that the denial of prison access to certain visitors "'is well within the terms of confinement

21   ordinarily contemplated by a prison sentence, and therefore is not independently protected by the

22   Due Process Clause'"); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (holding that the

23   right of intimate association, including cohabitation with one's spouse, is necessarily abridged

24   during incarceration and that such loss "is simply part and parcel of being imprisoned for

25   conviction of a crime"); see also Turner v. Safley, 482 U.S. 78, 95-96 (1987).  Although "States

26   may under certain circumstances create liberty interests which are protected by the Due Process

1   Clause," those circumstances are generally limited to freedom from restraint that "imposes

2   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

3   life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

4          Here, the CDCR's family visiting regulation does not impose an atypical and

5   significant hardship on plaintiff.  Plaintiff's inability to visit his family is an ordinary incident of

6   prison life.  Toussaint v. McCarthy, 801 F.2d 1080, 1114 (9th Cir. 1986) (observing that denial

7   of contact visits "is part of the penalty that criminals pay for  their offenses against society"); see

8   also Sandin, 515 U.S. at 485-86; Kentucky Dep't of Corrections, 490 U.S. at 461.  Accordingly,

9   application of the family visiting regulation to plaintiff does not implicate his due process rights.

10  II.  Fourteenth Amendment Equal Protection

11         The court also finds that plaintiff fails to state a cognizable claim under Equal

12  Protection Clause of the Fourteenth Amendment.  Equal protection is relevant with respect to

13  classifications that impermissibly operate to disadvantage a suspect class or improperly interfere

14  with an individual's exercise of a fundamental right.  "[A] classification neither involving

15  fundamental rights nor proceeding along suspect lines is accorded a strong presumption of

16  validity." Heller v. Doe, 509 U.S. 312, 319 (1993).  Here, the CDCR's family visiting regulation

17  implicates neither a suspect class nor a fundamental right.  Accordingly, the highly deferential

18  rational basis standard applies to any equal protection challenge to the regulation.

19         Plaintiff has not presented any evidence suggesting that he has been treated

20  differently from similarly situated inmates (i.e., inmates who have been sentenced to life and do

21  not have a parole date established) in connection with family visitation.  See Fraley v. United

22  States Bureau of Prisons, 1 F.3d 924, 926 (9th Cir. 1993); see also City of Cleburne, Tex. v.

23  Cleburne Living Center, 473 U.S. 432, 439 (1985) (holding that the Equal Protection Clause "is

24  essentially a direction that all persons similarly situated should be treated alike").  Moreover, the

25  family visiting regulation at issue is rationally related to legitimate governmental interests.  As

26  the United States Supreme Court has observed "[t]hat there is a valid, rational connection

1   between a ban on contact visits and internal security of a detention facility is too obvious to

2   warrant extended discussion." Block v. Rutherford, 468 U.S. 576, 586 (1984); see also Cal.

3   Code of Regs. tit. 15 § 3177(b)(1)(B) ("Family visiting shall be restricted as necessary to

4   maintain order, safety of persons, the security of the institution/facility, and required prison

5   activities and operations."). Accordingly, application of the family visiting regulation in

6   plaintiff's case does not violate equal protection principles.

7   III. First Amendment and RLUIPA

8          The court finds that plaintiff fails to state a cognizable claim under the First

9   Amendment or RLUIPA. With respect to the First Amendment, a prison regulation infringing on

10  a prisoner's free exercise of religion is valid only if it is reasonably related to legitimate

11  penological interests. Turner, 482 U.S. at 89. With respect to RLUIPA, a prison regulation that

12  substantially burdens a prisoner's religious exercise is valid only if it furthers a compelling

13  governmental interest and does so by the least restrictive means. 42 U.S.C. § 2000cc-1(a)(1)-(2).

14         Here, plaintiff has failed to sufficiently allege that the regulation in question

15  infringes on or substantially burdens his free exercise of religion. Plaintiff alleges merely that the

16  regulation violates his free exercise rights because, under Islamic law, his wife may file for an

17  annulment or divorce if their marriage is not consummated within four months. However, as

18  defendants point out, plaintiff wed in 1993 and at that time he was able to participate in the

19  family visiting program. In fact, plaintiff participated in the program until 1997. The allegations

20  of the complaint in this regard, even accepted as true, fail to establish that plaintiff was impeded

21  in the exercise of his religion by the challenged regulation. Accordingly, plaintiff fails to state a

22  claim under the First Amendment or RLUIPA.

23  IV. Supplemental Jurisdiction Over State Law Claims

24         The district court may decline to exercise supplemental jurisdiction over a claim

25  "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

26  1367(c)(3). See also Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999), cert. denied, 528

8

1    U.S. 1154 (2000) (citing <u>Fang v. United States</u>, 140 F.3d 1238, 1241 (9th Cir. 1998) and <u>Voight</u>

2    <u>v. Savell</u>, 70 F.3d 1552, 1565 (9th Cir. 1995)).  If these findings and recommendations are

3    adopted, the federal claims over which this court has original jurisdiction will be dismissed.  The

4    balance of relevant factors points toward declining to exercise jurisdiction over any remaining

5    state law claims.  <u>See</u> <u>Gini v. Las Vegas Metro. Police Dep't</u>, 40 F.3d 1041, 1046 (9th Cir.

6    1994); <u>Imagineering, Inc. v. Kiewit Pac. Co.</u>, 976 F.2d 1303, 1309 (9th Cir. 1992).  Therefore, to

7    the extent that plaintiff has asserted due process and equal protection claims under the California

8    Constitution, they should be dismissed without prejudice to refiling in state court.

**OTHER MATTERS**

10        Pursuant to Rule 201(b) of the Federal Rules of Evidence, defendant has

11   requested that the court take judicial notice of the findings and recommendations issued in the

12   case of <u>Bryant v. Woodford</u>, No. Civ. S-04-0991 DFL DAD P.  In that case, the undersigned

13   recommended dismissal of a plaintiff's lawsuit for failure to state cognizable due process and

14   equal protection claims.  Subsequently, the assigned district judge adopted the findings and

15   recommendations and declined to exercise jurisdiction over plaintiff's state law claims.

16        Judicial notice of adjudicative facts is appropriate with respect to matters that are

17   beyond reasonable dispute in that they are either generally known or capable of accurate and

18   ready determination by resort to a source whose accuracy cannot reasonably be questioned.  <u>See</u>

19   Fed. R. Evid. 201 and advisory committee notes.  Defendant's request that judicial notice be

20   taken of a previous decision does not fall within the scope of the rule and, in any event, is

21   unnecessary.  It will therefore be denied.

**CONCLUSION**

23        Accordingly, IT IS HEREBY ORDERED that defendant's June 25, 2007 request

24   for judicial notice is denied.

25        IT IS HEREBY RECOMMENDED that:

26        1.  Defendant's June 25, 2007 motion to dismiss be granted;

1    2.   The court decline to exercise supplemental jurisdiction over plaintiff's state

2    law claims; and

3    3.   This action be dismissed.

4    These findings and recommendations are submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6    days after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9    shall be served and filed within ten days after service of the objections.  The parties are advised

10   that failure to file objections within the specified time may waive the right to appeal the District

11   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   DATED: January 11, 2008.

13

14   _____

15   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

16   DAD:9
     brya0462.57

17

18

19

20

21

22

23

24

25

26